IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE R. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-923-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Vicki Miles LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

---

[1] As of February 1, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Michael J. Astrue is substituted for former Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance and supplemental security income benefits on December 2, 2003, alleging that she became disabled as of April 12, 2002, due to multiple sclerosis. Tr. 52-54, 237-39. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr.21, 22, 23-26, 29-31, 240, 241-43, 244, 245-46. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on January 12, 2006. Tr. 32, 255-83. Plaintiff appeared in person with her attorney, and offered testimony in support of her applications. Tr. 257, 258-79. A vocational expert also testified at the request of the administrative law judge. Tr. 44-45, 279-82. The administrative law judge issued his decision on April 28, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr.10-12, 13-18. The Appeals Council denied Plaintiff's request for review on July 28, 2006, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-8.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence

> supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge apparently followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 17. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 17. At steps two and three, the administrative law judge found that Plaintiff suffered from multiple sclerosis, hypothyroidism, and diabetes, and presumably found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 15, 17. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a limited range of light work, and that for no period of twelve consecutive months, had she been precluded from lifting and/or carrying 10 pounds

3

occasionally, and less than 10 pounds frequently; standing or walking about 1 ½ hours continuously and 4 hours total in an 8-hour work day; sitting about 2 hours continuously and 5 hours total in an 8-hour work day; pushing or pulling unlimitedly except as shown for lifting and/or carrying; occasionally performing postural changes stooping and kneeling, but no climbing, balancing, kneeling, crouching, or crawling; unlimitedly performing manipulative functions; unlimitedly performing visual or other sensory functions; unlimitedly performing communicative functions; and unlimitedly performing environmental functions, except for working at heights. Tr. 15-16, 17. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform her past relevant work as a fast food worker and fast food worker supervisor. Tr. 16, 17. However, at step five, the administrative law judge found that there were a significant number of jobs that a person with Plaintiff's residual functional capacity and vocational factors could perform, including assembly worker, bench and table laborer, and surveillance system monitor, and that she was thus not disabled and not entitled to benefits. Tr. 16-17, 18.

**A. ISSUES ON APPEAL**

Plaintiff raises three errors on appeal. First, she claims that the administrative law judge erred in his handling of the medical source statement of one of her treating physicians, Paul Gill, M.D.. Plaintiff's Opening Brief, p. 2-5. Second, she claims that there is not substantial evidence supporting the administrative law judge's finding that she retains the residual functional capacity to perform work on a full-time basis. Plaintiff's Opening Brief, p. 5-7. Third, she claims that the administrative law judge erred in his credibility analysis. Plaintiff's Opening Brief, p. 7-8.

**1. Medical Source Statement of Dr. Gill**

Plaintiff first contends that the administrative law judge did not properly consider evidence from her treating source, Paul Gill, M.D.. Plaintiff's Brief, p. 4. She claims that the administrative law judge erred by failing to provide any explanation "backed up by specific medical evidence for why he apparently rejected Dr. Gill's [medical source statement]," and that if he believed the information Dr. Gill provided was incomplete, he should have recontacted him for clarification. Id. She claims that the administrative law judge failed to indicate what weight, if any, he assigned to Dr. Gill's opinion. Plaintiff's Brief, p. 5.

In response, the Commissioner contends that the administrative law judge adopted Dr. Gill's assessment of Plaintiff's limitations in total, and in fact based his residual functional capacity (RFC) finding on that assessment. Commissioner's Brief, p. 3. He claims that the administrative law judge's burden to expressly discuss a treating physician's evidence is minimized when the evidence does not conflict with the administrative law judge's RFC determination. Id. Therefore, because the administrative law judge adopted Dr. Gill's opinion and gave it controlling weight, the Commissioner contends that no error occurred. Id.

In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An administrative law judge must give the opinion of a treating physician controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic

techniques" and (2) "consistent with other substantial evidence in the record." Id. (internal quotation marks omitted). Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. (internal quotation marks omitted). After considering the requisite factors, the administrative law judge must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(d)(2). "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (internal quotation marks omitted).

In this case, Plaintiff is correct that the administrative law judge does not specifically reference the medical source statement of Dr. Gill by name. However, he does discuss the statement, introducing it as the assessment of "one of the claimant's neurologist[s]" in December 2005. Tr. 15. This together with the description of that assessment by the administrative law judge makes it clear that he is referring to the statement of Dr. Gill. However, contrary to the assertion of the Commissioner, the administrative law judge did not precisely adopt that assessment as his residual functional capacity finding. Compare Tr. 15, 228-29 with Tr. 17 at ¶ 3. First, Dr. Gill checked "Yes" on the assessment form where it is asked "is this patient required to lie down during the normal workday to manage pain or other symptoms?" Tr. 229. While Dr. Gill does not indicate how much Plaintiff would need to lie down during the day in order to manage symptoms, Plaintiff testified that she lies down for a nap every day for

an hour, and on some days she has to rest all day. Tr. 270-71. She added that she could not work for eight hours a day without lying down. Tr. 272. Yet, the administrative law judge only included leaving the work position during normal break times in his hypothetical to the vocational expert. Tr. 281. Second, Dr. Gill opined that the Plaintiff could never reach, handle, finger, or feel, Tr. 229, and yet the administrative law judge found that Plaintiff was unlimited in the performance of manipulative functions. Tr. 17. Thus, the administrative law judge – without explanation – adopted an RFC finding inconsistent with the assessment of Dr. Gill in at least two particulars, making review of his decision on this point impossible.

The Tenth Circuit Court of Appeals has made it clear that an administrative law judge's failure to delineate his findings regarding the weight given to medical opinions from treating sources is grounds for remand because, without these findings, the decision cannot be properly reviewed. See Watkins, 350 F.3d at 1300-01; Langley v. Barnhart, 373 F.3d 1116, 1123(10th Cir. 2004)( because administrative law judge failed to explain or identify claimed inconsistencies, reasons for rejecting that opinion are not "sufficiently specific" to enable meaningful review). The administrative law judge's treatment of Dr. Gill's opinion was insufficient, and therefore the undersigned recommends remand of this matter. In light of the recommended disposition of this matter, it would be inappropriate to address Plaintiff's remaining two grounds on appeal, as those grounds may be affected by the reconsideration of the treating physician's opinion.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and the matter be remanded for further administrative proceedings consistent with this Report and Recommendation.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by April 17, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 28th day of March, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE